ERIC R. HUBBARD (*pro hac vice*)
Eric.Hubbard@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

GREGORY M. REISER (*pro hac vice*)
Gregory.Reiser@ropesgray.com
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

JOSEPH B. PALMIERI (CSB#: 312725)
Joseph.Palmieri@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 61704090

*Attorneys for Ropes & Gray LLP and*
*Defendant/Counterclaimant*
*Foundation Medicine, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., | Case No.: 17-cv-03590-JSC |
| Plaintiff/Counter-defendant, | **REDACTED VERSION OF ROPES & GRAY LLP AND FOUNDATION MEDICINE INC.'S OPPOSITION TO GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR FOUNDATION MEDICINE, INC.** |
| v. | |
| FOUNDATION MEDICINE, INC., | |
| Defendant/Counterclaimant. | **Hon. Jacqueline Scott Corley** |

ROPES & GRAY LLP AND DEFENDANT FOUNDATION MEDICINE INC.S
OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY
ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................... 1

II.  FACTUAL BACKGROUND ...................................................................................... 3

    A.   ████████████████████████████████████████ .................................. 3

    B.   ███████████████████████████████████████████ . ...................... 6

    C.   ████████████████████████████████ .................. 8

    D.   On March 7, 2017 Ropes Announced Its Intention To Transfer Its Patent Prosecution Business To Another Firm, Triggering A Flurry Of Media Reporting On The Subject............................................................................................................ 9

    E.   ████████████████████████████████████████ .................................. 9

    F.   On June 30, 2017, FMI Retained Ropes To Handle The Instant Matter And In Connection With That Retention Ropes Erected An Ethical Wall Safeguarding Guardant's Information And Has Abided By It........................................................ 10

    G.   On August 1, 2017, Mr. Haley Left Ropes To Form His Own Firm. ...................... 12

    H.   On September 12, 2017, Guardant Filed This Motion To Disqualify Ropes Simultaneously With Its Motion For Preliminary Injunction In An Attempt To Prejudice FMI's Interests. ....................................................................................... 12

III. LEGAL STANDARD ................................................................................................. 13

IV.  ARGUMENT .............................................................................................................. 14

    A.   Guardant Was Not A Current Client When FMI Engaged Ropes To Represent It In This Case.................................................................................................................. 14

        1.   ████████████████████████████████ .............................................. 14

        2.   █████████████████████████████████ . ...................................... 15

    B.   Guardant's "Reasonably Objective Expectation" Has No Bearing On Whether Guardant Was A Client Of Ropes On June 30, 2017, But Even If It Did, Guardant Could Not Have Had Such An Expectation................................................................. 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.    There Is No Substantial Relationship Between Ropes' ████ Work For Guardant And This False Advertising Case Because Ropes Did Not Receive Any "Material" Guardant Information.................................................................................... 17

D.    Guardant's Disqualification Motion Is Tactically Based And, If Granted, Would Severely Prejudice FMI's Interests. .......................................................... 20

V.  Conclusion ...................................................................................................................... 22

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

*Beltran v. Avon Prods., Inc.*,
  867 F. Supp. 2d 1068 (C.D. Cal. 2012) ............................................................... 18

*California Earthquake Auth. v. Metro. W. Sec., LLC*,
  712 F. Supp. 2d 1124 (E.D. Cal. 2010)................................................................. 16

*Corns v. Laborers Int'l Union of N. Am.*,
  No. 09-CV-4403 YGR, 2014 WL 1319306 (N.D. Cal. Mar. 31, 2014) ............... 13

*Glaxo Grp. Ltd. v. Genentech, Inc.*,
  No. SA 10-CV-2764-MRP, 2010 WL 11074653 (C.D. Cal. June 15, 2010) ....... 19

*IPVX Patent Holdings, Inc. v. 8x8, Inc.*,
  No. 413CV01707SBAKAW, 2013 WL 6700303 (N.D. Cal. Dec. 19, 2013) ....... 13

*Kelly v. Roker*,
  No. C 11-05822 JSW, 2012 WL 851558 (N.D. Cal. Mar. 13, 2012) ................... 21

*LeapFrog Enterprises, Inc. v. Epik Learning, LLC*,
  No. 16-CV-04269-EDL, 2017 WL 2986604 (N.D. Cal. Feb. 23, 2017) ........ 16, 20

*Love v. Permanente Med. Grp.*,
  No. 12-CV-05679-WHO, 2013 WL 5273213 (N.D. Cal. Sept. 18, 2013) ........... 13

*Visa U.S.A., Inc. v. First Data Corp.*,
  241 F. Supp. 2d 1100 (N.D. Cal. 2003) ..................................................... 1, 13, 20

**California Cases**

*Banning Ranch Conservancy v. Superior Court*,
  193 Cal. App. 4th 903, 123 Cal. Rptr. 3d 348 (2011)......................................... 15

*Baugh v. Garl*,
  137 Cal. App. 4th 737 (2006) .............................................................................. 13

*In re Charlisse C.*,
  45 Cal.4th 145, 84 Cal.Rptr.3d 597, 194 P.3d 330 (2008) ................................. 18

*People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*,
  20 Cal. 4th 1135, 980 P.2d 371 (1999)............................................................... 13

*Farris v. Fireman's Fund Ins. Co.*,
  119 Cal. App. 4th 671, 14 Cal. Rptr. 3d 618 (2004)........................................... 18

ROPES & GRAY LLP AND DEFENDANT FOUNDATION MEDICINE INC.S
OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY
ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

*Fracasse v. Brent*,
   6 Cal. 3d 784, 494 P.2d 9 (1972) ........................................................................... 15

*Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*,
   69 Cal.App. 4th 223 ............................................................................................... 17

*Vella v. Hudgins*,
   151 Cal. App. 3d 515, 198 Cal. Rptr. 725 (Ct. App. 1984) .................................... 15

**Federal Statutes**

Lanham Act.................................................................................................................. 3, 11

**California Statutes**

Cal. Civ. Code
   § 1636................................................................................................................... 15

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

ii

1    **I.      INTRODUCTION**

2          Plaintiff Guardant Health, Inc.'s ("Guardant's") supposed "alarm" that Ropes & Gray

3    LLP ("Ropes") is counsel for Defendant Foundation Medicine, Inc. ("FMI") in this case is not

4    credible. ████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████

6    ████████████████████████████████████.[1]   Ropes' relationship with Guardant was

7    neither "substantial" nor "ongoing" on June 30, 2017 when Ropes was retained by FMI for this

8    case (a retention that Ropes expressly disclosed days later to Guardant's counsel).  Indeed,

9    Guardant's motion is merely an improper effort to gain a tactical advantage against FMI that

10   should be denied.

11         By any objective measure, Guardant had ceased to be a Ropes client well before FMI

12   retained Ropes for this case. ████████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████

15   ████████████████████████████.

16         Nor can there be any doubt that the conclusion of Ropes' work on these two matters

17   terminated Ropes' attorney-client relationship with Guardant. ████████████████████

18   ████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████

21   ████████████████████████████, because on March 7, 2017, Ropes announced to

22   the world that it would soon be exiting the patent rights management business, which in fact it

23   did on July 31, 2017.

24

25

26   [1] ████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████

28   ████████████████████████████████████████████

ROPES & GRAY LLP AND DEFENDANT FOUNDATION MEDICINE INC.S
OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY
ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

1    Guardant's assertion that Ropes "conveniently determined" on the eve of its retention by

2    FMI that its representation of Guardant had ended also is demonstrably false.   In May of 2017,

3    when then-Ropes partner James F. Haley, Jr. was reaching out to current clients to ask if they

4    wanted representation by his new firm, ███████████████████████████████████████████

5    ███████████████████████████████████████████████.

6    Because Guardant was a former client, Ropes could only have a disqualifying conflict

7    representing FMI against Guardant in this false advertising case if Guardant could establish with

8    specificity that Ropes' completed ████ work for Guardant is "substantially related" to the work

9    it is performing for FMI in this case.   In this false advertising case, the claims at issue concern

10   how accurate the parties' cancerous tumor detection assays are, as measured and assessed in

11   certain ways.   The false advertising claims do not concern anything that could have been

12   relevant to the ████ work Ropes did for Guardant, namely, ██████████████████████████

13   ███████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████

15   ████████████████████████.   Indeed, for purposes of this case ███████████████████████

16   ████████████████████ are "black boxes".   What matters in this case is *how the parties*

17   *advertise the results of using* those black boxes.   Ropes did not advise, or receive material

18   confidential information from, Guardant concerning the issues in this case and, as such, there is

19   no former client conflict.

20   The weakness of Guardant's conflicts arguments underscores the fact that Guardant's

21   motion is nothing more than an improper attempt to gain a litigation advantage over FMI.

22   Although Guardant first learned that Ropes would represent FMI in this case on July 10, 2017, it

23   waited over two months until September 12, 2017 to file its motion to disqualify Ropes.   And on

24   *the very day it moved to disqualify, Guardant also filed its motion for a preliminary injunction,*

25   requiring FMI (and its counsel) to address a critical substantive motion on an expedited basis

26   while also defending its choice of counsel.   While Guardant's motion and its September 20,

27   2017 letter to the Court make much of Guardant's supposed concern that FMI's Ropes lawyers

28   could use Guardant's privileged and confidential information against it, Guardant's own actions

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

1   make clear that concern is specious.   In connection with its preliminary injunction motion

2   Guardant advocated for, and is pursuing, a discovery schedule that necessarily will require

3   Ropes to be heavily involved in FMI's defense of this case while this motion is under

4   consideration.  If Guardant truly thought that Ropes' presence as FMI's counsel would unfairly

5   advantage FMI in this case, it easily could have sought a schedule that would have allowed this

6   motion to be resolved prior to pursuing the preliminary injunction motion.  But it did not choose

7   that path.

8          Finally, Ropes' disqualification from this case would significantly prejudice FMI.  FMI

9   chose Ropes to defend it because of Ropes' partner Peter Brody's substantial expertise with

10   Lanham Act cases, including, in particular, in the life sciences industry in which the parties

11   operate.  As of this filing, Mr. Brody and his team, none of whom performed any work for

12   Guardant when it was a Ropes client, have already collectively spent over a thousand hours on

13   the defense of FMI.  A substantial amount of that time had been spent even before Guardant's

14   motion was filed.  By the time this motion is heard, far more work will have been done, and

15   many more hours spent, by Ropes lawyers on behalf of FMI.

16          If Ropes is disqualified at this stage, FMI will be prejudiced by the need to select new

17   counsel and get that counsel prepared to defend it while the preliminary injunction proceedings

18   continue to move rapidly.  By contrast, Guardant will suffer no prejudice if Ropes remains in

19   the case; its confidential information is secure behind an ethical wall and none of the Ropes

20   attorneys and Technical Advisors who worked for Guardant are still with Ropes.  In practical

21   terms, it is no different than if an entirely separate law firm were representing FMI in this case.

22          The Court should deny Guardant's motion to disqualify Ropes.

23   II.    FACTUAL BACKGROUND

24          A.    ████████████████████████████████████████████

25          ███████████████████████████████████████████████████.

26          In late 2015, Guardant's ████████ counsel, John Storella of John Storella P.C.,

27   contacted Mr. Haley to see if he would be interested in assisting Guardant, together with

28   Guardant's ████████ counsel at Wilson Sonsini Goodrich and Rosati ("Wilson Sonsini"), in

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

3



1

2

3 ▮▮▮▮  Mr. Storella knew Mr. Haley because the two had worked closely together at Fish &

4 Neave LLP, an intellectual property boutique law firm that later merged with Ropes.  [Haley

5 Decl., ¶ 2].

6

7 ▮▮▮▮ [*Id.*, ¶ 3].

8

9

10

11

12

13

14

15

16 ▮▮▮▮ [*Id.*].

17

18

19

20

21

22

23

24

25

26

27 ▮▮▮▮ [*Id.*].

28

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS



ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.** 

[Haley Decl., ¶ 9].

[*Id.*]

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.

Case No. 17-CV-03590-JS

6



*[Id.]*

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

7



[Haley Decl., ¶ 16].

**C.**

[Haley Decl., ¶ 17].

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS



. [Haley Decl., ¶ 18].

**D.    On March 7, 2017 Ropes Announced Its Intention To Transfer Its Patent Prosecution Business To Another Firm, Triggering A Flurry Of Media Reporting On The Subject.**

On March 7, 2017 Ropes announced that:

> Over the coming months, the firm will work closely and collaboratively with partner Joe Guiliano, who is establishing a new firm with other Ropes & Gray partners in the IP rights management practice. The new firm will house much of Ropes & Gray's patent prosecution business going forward and offer clients the same high standards of patent prosecution and other related services that they have come to expect. Other Ropes & Gray lawyers, Technical Advisors and staff in the IP rights management practice are expected to join the new firm. [Reiser Decl., ¶ 6; Ex. C].

On or about March 7, 2017, a number of articles were written about this development, which was of great interest to members of the intellectual property legal community. [Reiser Decl., ¶ 7; Ex. D]. These articles reflect Ropes' confirmation to the press at this time that it planned to exit the patent rights management practice and hoped to transfer its entire patent prosecution practice to the new firm. [Id.]

In late June, it was publicly reported that Ropes would cease providing patent prosecution services as of August 1, 2017, and further that Mr. Haley would be joining the intellectual property rights management practice that he and Mr. Guiliano planned to form. [Reiser ¶ 8-9; Exs. E & F].

**E.**

---
3

[Id.].

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

[Haley Decl., ¶ 23; Ex. B].[4]

**F.      On June 30, 2017, FMI Retained Ropes To Handle The Instant Matter And In Connection With That Retention Ropes Erected An Ethical Wall Safeguarding Guardant's Information And Has Abided By It.**

On June 30, 2017, two (2) months after Ropes' limited work for Guardant had ended, FMI engaged Ropes to represent it in this case after Ropes had conducted a careful conflict check that revealed there were no conflicts.  [Brody Decl., ¶ 4; Reiser Decl., ¶ 2].  That conflict check identified Mr. Haley's work for Guardant, which was determined to have ended.  [Reiser Decl., ¶ 2]  Prior to this date, Ropes had represented FMI in various transactional matters. [Brody Decl., ¶ 3].



ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

10

1   In connection with this retention, Ropes created a precautionary ethical wall pursuant to

2   its standard practice of doing so whenever it accepts representation adverse to a former client in

3   a litigation matter.[5]  [Reiser Decl., ¶ 3].  Guardant's claim that the ethical wall Ropes

4   established has been breached on the basis that Mr. Brody reviewed Mr. Storella's July 21, 2016

5   email is false.  In fact, Mr. Brody had seen only the Engagement Letter until he received

6   ██████████████████████████████████████████████████████

7   ████ .  [Brody Decl., ¶ 5, 8].  ██████████████████████████

8   ██████████████████████████████████████████████████████

9   ████████████████████████ .  In any event, neither the Engagement Letter nor the July

10  21, 2016 email contain any confidential Guardant information that is in any way related to this

11  case, and Mr. Haley did not share with Mr. Brody or anyone representing FMI in this case any

12  of the very limited amount of confidential information he obtained in connection with his

13  substantive work for Guardant.[6]  [Haley Decl., ¶ 27].

14  FMI hired Ropes because Mr. Brody has extensive experience handling false advertising

15  cases under the Lanham Act, including in the life sciences sector in which this dispute arises.

16  [Brody Decl., ¶ 3].  Mr. Brody and his team have collectively worked over a thousand hours on

17  this case and have: (i) thoroughly investigated the claims of the Complaint, (ii) prepared a

18  detailed Answer, (iii) drafted and filed Counterclaims, (iv) drafted and served discovery

19  requests, (v) engaged with Guardant's counsel and FMI regarding Guardant's discovery

20  requests, (vi) largely concluded negotiations on a protective order with Guardant's counsel, and

21  (vii) substantially completed work on a joint case management conference statement.  [Brody

22  Decl., 16-18, 20-24].  The parties are in the midst of expedited bilateral written discovery and

23

24  [5] Using an industry-standard ethical wall software program, Ropes has denied anyone working
25  on the instant matter access to Guardant documents and has instructed them not to try to access
    those documents.  [Reiser Decl., ¶ 3].

26  [6] While they were both employed by Ropes, Messrs. Brody and Haley worked out of separate
27  offices, in separate practice groups and departments: Mr. Brody is in the Intellectual Property
    Litigation Group of the Litigation Department, based in Ropes' D.C. office and Mr. Haley was
28  in the Intellectual Property Rights Management Group of the Corporate Department, based in
    Ropes' New York office.  [Brody Decl., ¶ 1; Haley Decl., ¶ 1].

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

are planning for depositions to take place during the last week of October (when the Court will hear this motion) and the first week of November.  [Brody Decl., ¶ 22].

**G.     On August 1, 2017, Mr. Haley Left Ropes To Form His Own Firm.**

In late May 2017, shortly after Mr. Haley decided he would leave Ropes to found Haley Guiliano LLP, he reached out to his current clients to inform them of that decision.  [Haley Decl., ¶ 24] ████████████████████████████████████████████████████████ ████████.  [*Id.*]  On August 1, 2017, Mr. Haley left Ropes to form Haley Guiliano LLP. [Haley Decl. ¶ 1].

**H.     On September 12, 2017, Guardant Filed This Motion To Disqualify Ropes Simultaneously With Its Motion For Preliminary Injunction In An Attempt To Prejudice FMI's Interests.**

On July 10, 2017, Mr. Brody informed Guardant's counsel that Ropes would be representing FMI in this case and asked for an extension on the answer; at that time, Guardant's counsel said he would confirm whether Guardant agreed to the extension and later that day Guardant's counsel got back to Mr. Brody without mentioning any conflict.  [Brody Decl., ¶ 6]. Ropes entered its appearance on July 14 and on that day conferred again with Guardant's counsel about case scheduling, but again no conflict issue was raised.  [Brody Decl., ¶ 7]. Guardant did not raise the conflicts issue with Ropes until July 27, 2017 in a letter from Guardant's in-house lawyer, William Smith, to Mr. Haley.  [Reiser Decl. ¶ 10, Ex. G].  And Guardant did not file this motion until September 12, 2017, the same day on which it filed its motion for a preliminary injunction.  [Dkt. 32].

████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████, and was obliged to do its utmost to remain FMI's counsel in this case because FMI was a pre-existing client, [Brody Decl. ¶ 3], and had chosen Ropes to represent it in this case.

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

12

### III.     LEGAL STANDARD

"Because of their susceptibility to tactical abuse, [m]otions to disqualify counsel are strongly disfavored and should be subjected to particularly strict judicial scrutiny." *Love v. Permanente Med. Grp.*, No. 12-CV-05679-WHO, 2013 WL 5273213, at *3 (N.D. Cal. Sept. 18, 2013) (quoting *Oracle Am., Inc. v. Innovative Tech. Distrib., LLC*, 11–CV–01043–LHK, 2011 WL 2940313, at * 4 (N.D. Cal. July 20, 2011)) (internal quotations omitted).  "A motion for disqualification of counsel is a drastic measure which courts should hesitate to impose except when of absolute necessity.  They are often tactically motivated; they tend to derail the efficient progress of litigation." *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003) (internal citations and quotations omitted).

Whether to disqualify counsel is a matter of the district court's discretion. *Corns v. Laborers Int'l Union of N. Am.*, No. 09-CV-4403 YGR, 2014 WL 1319306, at *2 (N.D. Cal. Mar. 31, 2014) (citing *Gas–A–Tron of Ariz. v. Union Oil Co. of Calif.*, 534 F.2d 1322, 1325 (9th Cir. 1976)).  In considering a motion to disqualify, the district court must make findings supported by substantial evidence. *See Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003).  Because disqualification is strongly disfavored, the moving party "carries a heavy burden and must satisfy a high standard of proof." *IPVX Patent Holdings, Inc. v. 8x8, Inc*., No. 413CV01707SBAKAW, 2013 WL 6700303, at *2 (N.D. Cal. Dec. 19, 2013).  Courts must also be cognizant of the "substantial hardship" and the "monetary and other costs of finding a replacement" on parties whose counsel is disqualified. *Love*, 2013 WL 5273213, at *3 (citing *Gregori v. Bank of Am.*, 207 Cal.App.3d 291, 300 (1989)). "Disqualification is only justified where the misconduct will have a 'continuing effect' on judicial proceedings *Baugh v. Garl*, 137 Cal. App. 4th 737, 744 (2006); *see also People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc*., 20 Cal. 4th 1135, 1145, 980 P.2d 371, 377 (1999) ("a disqualification motion may involve such considerations as a client's right to chosen counsel.").

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.

Case No. 17-CV-03590-JS

13

## IV.    ARGUMENT

### A.    Guardant Was Not A Current Client When FMI Engaged Ropes To Represent It In This Case.



### 1.

Guardant's motion assumes that the description of the scope of work contained in the

Engagement Letter remained static throughout the engagement despite the subsequent events

---

[7] The notion, expressed in Guardant's brief, that Ropes dropped it like a "hot potato" to take on the representation of FMI in this case is meritless.  Ropes manifested its belief that Guardant was no longer a client long before FMI hired it in this case ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. [Haley Decl., ¶ 24].

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

14

1  that substantially limited that scope of work.  Retainer agreements are interpreted and enforced

2  like any other contract and are subject to the ordinary principles of contract interpretation; this

3  means they can be modified by the subsequent agreement of the parties, as was done here.

4  *See Banning Ranch Conservancy v. Superior Court*, 193 Cal. App. 4th 903, 912–13, 123 Cal.

5  Rptr. 3d 348, 354 (2011) (holding that retainers are interpreted and enforced like any other

6  contract).  It is the scope reflected in the July 21, 2016 agreement that should control.  *See* Cal.

7  Civ. Code § 1636 ("A contract in writing may be modified by a contract in writing."); *see also*

8  *Vella v. Hudgins*, 151 Cal. App. 3d 515, 519, 198 Cal. Rptr. 725, 727 (Ct. App. 1984)  ("It is

9  axiomatic that the parties to an agreement may modify it.").



10

11         **2.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

15

1 ██████████████████████████████████████████████████████████████

2 ████████████████████████████████[8]

### B. Guardant's "Reasonably Objective Expectation" Has No Bearing On Whether Guardant Was A Client Of Ropes On June 30, 2017, But Even If It Did, Guardant Could Not Have Had Such An Expectation.

The clear and unambiguous language of the Engagement Letter's ████████████████ ████████ obviates the need to assess whether Guardant possessed a "reasonably objective expectation" that its attorney-client relationship continued through and beyond July 7, 2017. "[C]ourts only look to a client's 'reasonable expectation' in situations in which there is no contract." *LeapFrog Enterprises, Inc. v. Epik Learning, LLC*, No. 16-CV-04269-EDL, 2017 WL 2986604, at *7 (N.D. Cal. Feb. 23, 2017). Guardant's reliance on *Gonzalez* and *Beardsley* is misplaced as both cases are wholly inapposite to the facts at hand. Both *Gonzalez* and *Beardsley* address the tolling of the statute of limitations for purposes of a malpractice suit. In those cases, the main issue was the determination of the point in time at which an attorney has ceased representation of a client for the purpose of tolling the statute of limitations on the clients' malpractice claim, and thus neither case is applicable to the facts of this case. *See California Earthquake Auth. v. Metro. W. Sec., LLC*, 712 F. Supp. 2d 1124, 1130 (E.D. Cal. 2010) (declining to extend the reasoning of legal malpractice cases to the context of concurrent representation conflicts).

But even assuming for argument's sake that the "reasonable expectation" standard were applicable here, Guardant could not have had a reasonable objective belief, on June 30, 2017, that it was still a Ropes client. ████████████████████████████

████████████████████████████████████████████████████

---

[8] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████ [Reiser Decl. ¶ 5].

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

16



1

2

3

4

5

6

7 .[9]

8   **C.    There Is No Substantial Relationship Between Ropes'** ▮▮ **Work For**
    **Guardant And This False Advertising Case Because R** ▮▮ **Did Not Receive**
9   **Any "Material" Guardant Information.**

10      Ropes received no information from Guardant in performing the ▮▮ work that is

11 material to this false advertising case.  The existence of a substantial relationship turns on the

12 similarities between two matters' factual situations, legal questions posed, and the nature and

13 extent of the attorney's involvement in the former matter. *Morrison Knudsen Corp. v. Hancock,*

14 *Rothert & Bunshoft*, 69 Cal.App. 4th 223, 234, citing *H.F. Ahmanson & Co. v. Salomon*

15 *Brothers, Inc.,* 229 Cal.App.3d 1445, 1455 (1991).  Contrary to Guardant's suggestion, the

16 conflict rule applicable to former clients is not designed to ensure that the duty of loyalty has

17 been upheld.  Rather, it is designed to further compliance with the duty of confidentiality.  Thus,

18 the moving party must show that, based on the similarities between the two matters, it is likely

19 that the confidential information gained from the prior representation is *material* to the current

20 employment. *Morrison*, 69 Cal.App.4th at 234 (citing Rule 3-310(E)).  Information is "material"

21 if it is "found to be directly at issue in, or have some critical importance to, the second

22

23 [9]

24

25

26

27

28

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

17

representation." *Beltran v. Avon Prods., Inc.*, 867 F. Supp. 2d 1068, 1077 (C.D. Cal. 2012); *Farris v. Fireman's Fund Ins. Co.*, 119 Cal. App. 4th 671, 680, 14 Cal. Rptr. 3d 618, 623 (2004) ("only when such information will be directly in issue or of unusual value in the subsequent matter will it be independently relevant in assessing a substantial relationship") (internal quotations omitted).  The burden to demonstrate a substantial relationship lies entirely with Guardant.  *See In re Charlisse C.,* 45 Cal.4th 145, 166 n. 11, 84 Cal.Rptr.3d 597, 194 P.3d 330 (2008) ("It remains the former client's burden to show the fact of the former representation and the existence of a substantial relationship between the former and current representations").

To demonstrate a substantial relationship, █████████████████████████████ ████████████████████████████████.  But that mere fact is not enough to establish the materiality of information gained during the former representation.  The former client test is more rigorous than that.

███████████████████████████████████████
████████████████████████████████████████
████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████

The advertising claims at issue in this case concern how accurate the parties' assays are, as measured and assessed in different ways. ████████████████████████████ ████████████████████████████████████
██████████████████████████████████
██████████████████████████████████
███████████████████████████████
██████████████████████████████████.  What matters in this case is how the parties advertise the results of using those black boxes, and whether those advertising claims are truthful and not misleading when compared to data from analytical and clinical validation studies of those assays.

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

18

By way of illustration, consider the first example of FMI's allegedly false advertising set forth in Guardant's Complaint.  That advertising claim alleges that, based on the results of certain studies, Guardant's product detects cancer-related genomic alterations in only 58% of patients whereas FMI's product detects such alterations in up to 98% of patients.  Guardant contends that statement is false, and whether that statement is truthful and non-misleading depends on whether the data in those studies supports the claim, or does not. █████

████████████████████████

████████████████████████.

Lacking any concrete facts establishing that Ropes possesses Guardant confidential information material to this false advertising case, █████████████████

█████████████████████

██████████████████████████

██████████████████████████

██████████████████████████

██████████████████████

██████  Based on such a deficient factual showing "the court should not allow its imagination to run free with a view to hypothesizing conceivable but unlikely situations in which confidential information 'might' have been disclosed which would be relevant to the present suit." *Glaxo Grp. Ltd. v. Genentech, Inc.*, No. SA 10-CV-2764-MRP, 2010 WL 11074653, at *3 (C.D. Cal. June 15, 2010).

As its primary source of evidence of a substantial relationship Guardant relies on █████

███████████████████████

███████████████████████

███████████████████████████

███████████████████████

---

10 ██████████████████████████

████████████████████

[Haley Decl., ¶ 21]

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

19

1　███████████████████████████████████████

2　██████████████████████████████████████

3　█████████████████████████████████████

4　██████████████████████████████████████

5　██████████████████████████████████████

6　████████████████████████████████████.

Confronted with the dearth of factual and legal similarities between the two matters, Guardant, not surprisingly, is unable to provide the Court with any example of confidential information Ropes received or likely would have received in the ████████████████████ that would be material to this false advertising matter. As such, Guardant's position is not supported by the "substantial evidence" needed for this Court to make the drastic decision to disqualify Ropes as FMI's chosen counsel and the Court should deny Guardant's motion to disqualify.[11] *See Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003).

### D.  Guardant's Disqualification Motion Is Tactically Based And, If Granted, Would Severely Prejudice FMI's Interests.

For the reasons set forth above, no concurrent or successive conflict prevents Ropes from representing FMI in this case. Guardant brought this motion purely for tactical purposes designed to frustrate FMI's ability to defend this case with the counsel of its choice. Nothing speaks to the tactical nature of this motion more clearly than the fact that Guardant waited more than two months after Ropes had disclosed its retention by FMI to Guardant's counsel to file it. And rather than letting the disqualification motion be resolved before getting to the merits of its claims, Guardant filed on the same day its motion for a preliminary injunction and has gone forward with intensive discovery on that motion. This ensures that FMI must have to both

---

[11] Ropes and FMI reserve their rights to contest any claim Guardant may file to recoup its attorneys' fees incurred in bringing this disqualification motion. Such fees are awarded only in cases where the party defending a disqualification motion does so in bad faith, not where, as here, the defending parties have valid arguments as to why no conflicts exist. *See LeapFrog Enterprises,* 2017 WL 2986604, at *12 (N.D. Cal. Feb. 23, 2017) (declining to award attorney's fees for a motion to disqualify where "the conflict was not clear cut.").

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

20

1  defend its choice of counsel and engage in an important substantive motion for substantial relief.

2  The only reasonable conclusion to be drawn from this seemingly inconsistent behavior is that

3  Guardant does not truly believe that it will be prejudiced by Ropes' continued representation of

4  FMI in this case, and it calls into serious question Guardant's representation to the Court in its

5  September 20, 2017 letter that "resolution of the disqualification issue [by moving up the

6  hearing date] should permit Guardant to engage in discovery on the Motion for Preliminary

7  Injunction without concern that its own lawyers may use its privileged and confidential

8  information to advance the position of its adversary."

9        But Guardant's decisions certainly will result in prejudice to FMI.  It puts FMI in the

10  untenable situation of having to engage in significant discovery and briefing on the preliminary

11  injunction motion and to be in the middle of that discovery and briefing when its counsel of

12  choice, Ropes, could be removed before these tasks have been completed.  This would force

13  FMI to retain new counsel, get them up to speed, and have them re-engage in discovery

14  resulting in significant prejudice to FMI.  Guardant created this situation by its own actions and

15  should not be permitted to profit by them, even if the Court were to find that there was a

16  successive conflict.  *Kelly v. Roker*, No. C 11-05822 JSW, 2012 WL 851558, at *3 (N.D. Cal.

17  Mar. 13, 2012) ("[I]t is not in the interests of justice to make the 'substantial relationship' rule

18  *so unyielding* as to permit the former client to inexcusably postpone objections without

19  penalty.") (quoting *River W., Inc. v. Nickel*, 188 Cal. App. 3d 1297, 1309, 234 Cal. Rptr. 33, 41

20  (Ct. App. 1987)) (emphasis in original).

21        FMI chose Ropes as its counsel in this matter based on Mr. Brody's significant expertise

22  in false advertising cases in the life sciences space.  To date, Mr. Brody and his team, none of

23  whom did any work for Guardant, have expended over a thousand hours on the case.

24  Disqualifying Ropes after all this work has been done, and in the midst of intensive litigation of

25  the preliminary injunction motion, would result in an unfair punishment of the client, FMI, for

26  what would have been solely the actions of its law firm, Ropes.  Given that Ropes has an ethical

27  wall in place protecting Guardant's information, the drastic remedy of disqualification should be

28  avoided in this case.

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

21

1

## V.    CONCLUSION

2

For these reasons, FMI and Ropes respectfully request that the Court deny Guardant's

3

motion to disqualify Ropes as FMI's counsel in this matter.

4

5

Respectfully submitted,

6

7    September 29, 2017                    By  /s/ Eric R. Hubbard

8                                              Eric R. Hubbard (*pro hac vice*)
                                               Eric.Hubbard@ropesgray.com
9
                                               Gregory M. Reiser (*pro hac vice*)
10                                             Gregory.Reiser@ropesgray.com

11                                             Joseph B. Palmieri
12                                             Joseph.palmieri@ropesgray.com

13                                             Attorneys for ROPES & GRAY LLP and
                                               Defendant FOUNDATION MEDICINE, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS

22

1

**CERTIFICATE OF SERVICE**

2
I hereby certify that on September 29, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all

3
counsel of record.

4

5
                                        _/s/_ Eric R. Hubbard_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROPES & GRAY LLP OPPOSITION TO PLAINTIFF GUARDANT HEALTH, INC.'S
MOTION TO DISQUALIFY ROPES & GRAY LLP AS COUNSEL FOR DEFENDANT
FOUNDATION MEDICINE, INC.
Case No. 17-CV-03590-JS